IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| CHRISTOPHER PORTER, | § | |
| | § | No. 241, 2024 |
| Defendant Below, | § | |
| Appellant, | § | Court Below: Superior Court |
| | § | of the State of Delaware |
| v. | § | |
| | § | Cr. ID No. 2112006391 (K) |
| STATE OF DELAWARE, | § | |
| | § | |
| Appellee. | § | |

Submitted: August 12, 2026
Decided: August 12, 2026

Before **SEITZ**, Chief Justice; **LEGROW**, and **GRIFFITHS**, Justices.

## **ORDER**

Upon consideration of the parties' briefs and record on appeal, it appears to the Court that:

(1) Christopher Porter appeals his convictions for robbery first degree and murder second degree in the death of Richard George. The parties agree that his convictions should be reversed and the case remanded for a new trial. We concur.

(2) The facts relevant to the appeal have been found by the Superior Court after remand from this Court and are not challenged by the State.[1] In July 2022, a

---

[1] *State v. Porter*, 2026 WL 852249 (Del. Super. March 27, 2026).

Kent County grand jury indicted Porter for robbery first degree and murder first degree. George was killed by blunt force trauma and asphyxiation.

(3) Office of Defense Services ("ODS") attorneys J'Aime Rau and Joseph Halsey represented Porter. Just before trial, the State disclosed that it intended to call two "jailhouse informants," one of whom was Cary Green. The State knew that Rau through ODS represented Green in another criminal matter and that the late notice might create a conflict with trial counsel.[2]

(4) At trial, the Superior Court judge pursued the conflict issue to ensure that it would not upend the trial. During an office conference on the first day of trial, Rau told the court that the State provided Rau a letter from Green received by the State offering to testify against Porter. Counsel assured the court, and the State agreed, that a conflict was a non-issue because Rau's attorney-client relationship with Green terminated before Porter's trial.[3]

(5) As the court continued to inquire about the conflict, Rau once again assured the court that she did not currently represent Green.[4] She also stated that she discussed with Porter her prior representation of Green and confirmed that Porter

---

[2] App. to Opening Br. at A161 [hereinafter A__] (Nov. 22, 2023 Pre-Trial Conf. Tr. at 25:7–21).

[3] A184–86 (Nov. 27, 2023 Pre-Trial Conf. Tr. at 12:19–14:19).

[4] A465 (Nov. 30, 2023 Off. Conf. Tr. at 8:12–16).

was "apprised of the intricacies of that situation."[5] Eventually, the Superior Court found, based on Rau's representations, that Green's and Porter's criminal matters were not substantially related, and that Porter's interests were not materially adverse to Green's.[6] Thus, the court concluded that no actual conflict of interest existed and trial counsel could continue representing Porter.[7] After trial, the jury convicted Porter of second degree murder and first degree robbery. The court sentenced Porter for the murder conviction to 85 years' incarceration at supervision Level V, suspended after 65 years, and for the robbery conviction to 25 years' incarceration at supervision Level V, suspended after five years.[8]

(6) After an appeal was filed, Porter mailed the Supreme Court a letter claiming that he did not know until the sentencing hearing about trial counsel's representation of Green.[9] He requested that his convictions be reversed. ODS appellate counsel investigated and informed the Court that (i) contrary to the representations of trial counsel, a Rule 1.7 *current* client conflict existed because trial counsel represented both Green and Porter at the same time; (ii) the conflict was

---

[5] A468 (Nov. 30, 2023 Off. Conf. Tr. at 11:5–12).

[6] A466 (Nov. 30, 2023 Off. Conf. Tr. at 9:4–8).

[7] A466 (Nov. 30, 2023 Off. Conf. Tr. at 9:9–10).

[8] Opening Br. Ex. B (Sentence Order).

[9] *See* A886–88 (Porter Letter).

3

ongoing and imputed to the Appellate Division; (iii) the conflict "may rise to an issue of merit arguable on direct appeal;" and (iv) ODS should be allowed to withdraw and appoint conflict counsel.[10]

(7)     We appointed conflict counsel and remanded the case to the Superior Court for further findings of fact and conclusions of law regarding the client conflict issue.  After holding an evidentiary hearing, the Superior Court found that Rau concurrently represented Porter and Green, and their interests were adverse once Green offered to testify against Porter.  The court also concluded that concurrent representation of clients with adverse interests violates Delaware Rule of Professional Conduct 1.7, which provides that an attorney cannot represent clients concurrently when "(1) the representation of one client will be directly adverse to another client; or (2) there is a significant risk that the representation of one or more clients will be materially limited by the lawyer's responsibilities to another client[.]"[11]

(8)     The court also found that a Rule 1.7 conflict is imputed to all lawyers of the same firm, and that Delaware law "regards ODS as a law firm for purposes of determining conflicts of interest."[12]  Without deciding whether the specific conflict

---

[10] A890–91 (Mot. to Withdraw as Couns.).

[11] *Porter*, 2026 WL 852249, at *6 (quoting DLRPC 1.7(a)).

[12] *Id.*

here was waivable, the Superior Court held that, under Rule 1.7, to continue representing either client after a concurrent conflict arises, each affected client must give their informed consent in writing.[13] A written waiver was never signed. And, according to the Superior Court, Porter could not intelligently waive the conflict because defense counsel did not understand that her representation was imputed to ODS.[14]

(9)     We agree with the State and Porter that, based on the Superior Court's findings of fact and conclusions of law, Porter was denied a fair trial.[15] Thus, his convictions must be reversed.

NOW, THEREFORE, IT IS HEREBY ORDERED that Porter's convictions are reversed, and this matter is remanded to the Superior Court for a new trial with conflict-free representation. Jurisdiction is not retained.

BY THE COURT:

*/s/ Collins J. Seitz, Jr.*
Chief Justice

---

[13] *Id.*

[14] *Id.* at *7.

[15] *See Purnell v. State*, 254 A.3d 1053, 1105 (Del. 2021) (observing that the Sixth Amendment right to effective assistance of counsel includes the right to conflict-free representation). Ordinarily, in a criminal case, we would not consider an actual conflict claim until postconviction relief proceedings. In this case, however, the State agrees with the result and no benefit would be gained by awaiting a motion for postconviction relief. *See Dobson v. State*, 80 A.3d 959, 2013 WL 5918409, at *2 (Del. Oct. 31, 2013) (TABLE) (remanding for a new trial and observing "where the ineffectiveness is so apparent from the record that this Court can fully consider obvious deficiencies in representation, we will address the issue on direct appeal").